AETNA INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant, *v.* STUART K. MILLARD et al., Respondents.

Third Department, May 6, 1966.

*Kramer, Wales & Robinson* (*Philip J. Kramer* of counsel), for appellant.

*Hackett, Harbachuk, Thomas & Crawford* for Stuart K. Millard, respondent.

*Wilsey, Meagher, Hummer, Madigan & Buckley* (*Jefferson F. Meagher* of counsel), for Andrew Malenich and another, respondents.

*Coughlin, Dermody, Ingalls & Guy* (*George G. Coughlin* of counsel), for Douglas Geiser and another, respondents.

*Matthew J. Vitanza* for Douglas Geiser, respondent.

HERLIHY, J. The appellant instituted this proceeding seeking a declaratory judgment that it was not obligated to provide coverage for its insured on the ground that it was not given timely notice of the accident or of subsequent legal proceedings.

The court found the testimony of Miss Combs, an insurance broker, credible. The general rule is that the credibility of witnesses is for the trier of the facts and there appears to be nothing in the record which would mandate an exception in this case. The appellant claims here that her testimony is not credible because of confusion and/or contradiction in certain respects, but this is no more than is often the case in regard to testimony as to particular details. Miss Combs testified that

she typed three report forms based on the information given her by the insured two days after the accident and that one of these forms was placed in an envelope correctly addressed to the appellant. On cross-examination she testified that she put the addressed envelope on the shelf where she regularly placed outgoing mail. She then stated that when everyone there is busy, the post-office mailman has taken the mail from this shelf, and that this had been the procedure as to mailing letters for some 15 years. Miss Combs admitted that some third party could have taken the letter from the shelf and she could not remember specifically whether she had handed the envelopes to the mailman or he had taken them from the shelf.

The appellant contends that the above testimony of Miss Combs is insufficient as proof of mailing, but it appears that the court could, as it did, draw a reasonable inference that it was duly mailed and therefore received. The letter in question was shown to have followed an ordinary and established course of business to the custody of the post office. Since the post-office mailman received custody of the mail at Miss Combs' premises either by being handed the same or taking it from its usual place, there is no gap between the routine course of business and the post office. (Cf. *Gardam & Son* v. *Batterson,* 198 N. Y. 175.)

It is a well-established rule that letters properly addressed, stamped and mailed are presumed received by the addressee even though the addressee denies receipt of the same. (Cf. *Trusts & Guar. Co.* v. *Barnhardt,* 270 N. Y. 350, 352, 355.) In the instant case the appellant claims that since it offered proof that it did not receive the letter and further that another letter to a third person allegedly mailed on the same day and in the same manner was not received, the presumption was overcome. The court considered this fact and still found that the appellant received the notice. Treating the presumption of receipt as one of fact, the court was warranted in this finding.

The other issue on this appeal is that the defendant did not co-operate as required by the policy in timely notifying the appellant that an action had been commenced. In this case it is clear that no notice of suit was given to the insurer by the insured but was given by the injured as is authorized in section 167 of the Insurance Law some 83 days after the accident and some 40 days after the commencement of the action. The case of *Lauritano* v. *American Fid. Fire Ins. Co.* (3 A D 2d 564, affd. 4 N Y 2d 1028) establishes that the injured person is not to be held to the same standards for giving notice as the insured. It appears that the circumstances as to giving notice of suit and the forwarding of the summons and complaint by

the injured persons warrant the court's decision that this was done within a reasonable time. (Cf. *Lauritano* v. *American Fid. Fire Ins. Co., supra.*) The case of *Deso* v. *London & Lancashire Ind. Co.* (3 N Y 2d 127), which is heavily relied on by appellant, is not applicable since it dealt with the failure of the insured to give timely notice of the accident which is entirely different than giving notice of the suit. (Cf. *Lauritano* v. *American Fid. Fire Ins. Co., supra.*)

No prejudice to the carrier has been shown in view of the fact that the injured parties did not take a default judgment against the insured Millard and accepted his answer to the complaint.

Judgment should be affirmed.

GIBSON, P. J., REYNOLDS, TAYLOR and AULISI, JJ., concur.

Judgment affirmed, with costs.