■ JOSEPHINE ROMANO, as Administratrix of the Estate of JAMES ROMANO, Deceased, Appellant, v ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent.—Order and judgment modified and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Plaintiff commenced a malpractice action against her former attorney, William McKeon, on January 15, 1975 by serving a summons and third-party complaint alleging that McKeon had been negligent in his handling of automobile personal injury actions against plaintiff and in permitting default judgments to be taken against her in November, 1974. McKeon failed to forward the suit papers to his malpractice insurer, the defendant. Plaintiff's present attorneys (who had been retained by State Farm Mutual Automobile Association in place of McKeon in December, 1974 to represent plaintiff as a defendant in the automobile negligence cases and in her malpractice claim against McKeon) had written McKeon on December 20, 1974 inquiring as to the identity of his malpractice carrier. They had received no reply. On February 11, 1975 plaintiff's attorneys received information from attorneys representing the injured parties in the negligence actions that they "thought McKeon was covered by St. Paul." After three or four conferences with representatives of the defendant the fact that defendant was McKeon's insurer was established and the suit papers were forwarded with an accompanying letter on February 19, 1975. There is

evidence that McKeon on February 26, 1975, at the request of defendant's attorneys, asked for and obtained from plaintiff's attorneys an extension of time to answer. It also appears that the underlying negligence actions were not settled until March, 1975 after defendant's attorneys had been given an opportunity to participate in the settlement discussions and had attended a pretrial conference pertaining thereto. After defendant's disclaimer in the malpractice action plaintiff obtained a default judgment against McKeon and commenced the instant action against defendant pursuant to section 167 of the Insurance Law. Special Term denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the amended complaint upon the ground that there had not been timely notice of the occurrence of the malpractice (i.e., McKeon's failure to answer and the taking of the default judgment against plaintiff in November of 1974) and upon the further ground that the suit papers had been forwarded to the defendant 35 days after commencement of the suit against McKeon. Summary judgment should not have been granted. Under the rule in *Giles v St. Paul Fire & Mar. Ins. Co.* (62 AD2d 1138 [decided subsequent to Special Term's decision]), the delay in notification of the occurrence giving rise to the malpractice claim affords no basis for the disclaimer. Thus, the motion should not have been granted on this ground. Nor does the delay in forwarding the suit papers warrant summary judgment. The 35-day interval between the commmencement of the action against McKeon and transmitting the papers to defendant together with the affidavits explaining such delay present triable questions of fact. By statute the plaintiff's failure to forward the suit papers should not invalidate her claim "if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible." (Insurance Law, § 167, subd 1, par [d].) The accepted interpretation of this statutory provision is that given by Justice Botein in *Lauritano v American Fid. Fire Ins. Co.* (3 AD2d 564, affd 4 NY2d 1028): "The injured person's rights must be judged by the prospects for giving notice that were afforded him, not by those available to the insured. What is reasonably possible for the insured may not be reasonably possible for the person he has injured. The passage of time does not of itself make delay unreasonable. Promptness is relative and measured by circumstance. * * * Notice can hardly be given until there is knowledge of the facts upon which notice can be predicated *(Trippe v. Provident Fund Soc.,* 140 N. Y. 23)." (3 AD2d 564, 568-569.) (See *Aetna Ins. Co. of Hartford, Conn. v Millard,* 25 AD2d 341, 342-343.) We cannot conclude as a matter of law that plaintiff or her representatives did not exercise reasonable diligence in attempting to ascertain the identity of the insurer. There is no showing that plaintiff or her representatives knew or had reason to believe that McKeon had not forwarded the suit papers to his insurer in compliance with his obligation under the policy or that he did not intend to do so at least until the 20-day time to answer the complaint had expired (Feb. 5, 1976). The facts stressed by the dissent, that State Farm had "had a working relationship with [McKeon] for over a year and was well aware of his failings" and that "an attorney with only a peripheral interest in this action knew the identity of [McKeon's] insurer" cannot be considered conclusive proof that plaintiff or her representatives did not do all that was reasonably required. In view of the extension of time to answer granted to McKeon and the opportunity afforded defendant's attorneys to participate in the settlement discussions of the underlying negligence cases after receipt of the suit papers and before the settlement was consummated, defendant cannot claim to have been

prejudiced by the 35-day interval between service on McKeon and its receipt of the papers. *(Aetna Ins. Co. of Hartford, Conn. v Millard,* 25 AD2d 341, 344, *supra.)* It has been held that the right to immediate transmission of the suit papers is of considerably less importance than prompt notification of the accident or occurrence *(Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, 571, *supra).* The order and judgment should be modified by denying summary judgment to defendant and, as modified, affirmed. All concur, except Cardamone, J., who dissents and votes to affirm the order and judgment, in the following memorandum: The question presented on this appeal is whether a 35-day interval between the date when a malpractice action is instituted to the date when the suit papers are forwarded to the malpractice carrier breaches as a matter of law the insurance contract which requires that the insured "immediately forward" all legal papers. In my view it does. A 1972 one-car accident resulted in the death of the driver, James Romano, and injuries to a number of the passengers who commenced six personal injury actions against his administratrix, Josephine Romano. The Romanos' insurance carrier was State Farm Mutual Automobile Association. In October, 1973 it retained an Auburn, New York attorney, William McKeon, to defend the six personal injury actions. The attorney failed to defend these actions as a result of which default judgments were taken against the Romano estate in November, 1974. The following month State Farm retained a Syracuse law firm to take over the defense in the defaulted personal injury actions. On January 15, 1975 the original attorney was served with a summons and third-party complaint in an action instituted by Josephine Romano, as administratrix, charging him with professional malpractice. A copy of the pleadings was mailed to his insurer St. Paul Fire and Marine Insurance Company on February 19, 1975. On March 6, 1975 St. Paul disclaimed any obligation to defend or indemnify McKeon. At about the same time State Farm settled the six personal injury actions for $93,000. Later a default judgment in the amount of $101,637 was taken against the attorney and entered November 10, 1976. On January 27, 1977 the present action was commenced against St. Paul by the Romano estate pursuant to section 167 of the Insurance Law and as assignee of McKeon's claim for indemnification to recover the amount of the unpaid judgment. Where the "notice of suit" provision in the policy has been breached as a matter of law, St. Paul's disclaimer was properly made. The well-settled law of New York provides that satisfaction of the notice provisions of an insurance policy is a condition to the insurer's liability and, unless excused, failure to comply with the notice provisions vitiates the policy *(Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436). Absent proof that it was not reasonably possible to give notice within the prescribed time and that notice was given as soon as was reasonably possible, the delay will not be excused (Insurance Law, § 167). The burden of proving excusable delay is on the party seeking to enforce the policy *(Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp., supra; Rushing v Commercial Cas. Ins. Co.,* 251 NY 302). Although "reasonableness" is ordinarily a question of fact, where, as here, there is no valid excuse or mitigating circumstance, the issue should be determined as a matter of law *(Deso v London & Lancashire Ind. Co. of Amer.,* 3 NY2d 127). In this case 35 days elapsed between the date when the malpractice action was initiated and the time when St. Paul was notified of its potential liability. Since the contract of insurance called for immediate notice of suit, the burden was on the plaintiff to show that this notice had been given "as soon as was reasonably possible." At the time when St. Paul moved for summary judgment, it became incumbent upon the

plaintiff to show evidentiary facts sufficient to raise a triable issue of fact (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). That is, plaintiff was required to show that the delay was excusable. Plaintiff attempted to do this by alleging ignorance of the fact that McKeon had insurance coverage. Concededly, an injured party's lack of knowledge of the existence of insurance, if justified, may excuse a delay in notifying an insurer (see *Mason v Allstate Ins. Co.,* 12 AD2d 138, 148). In his affidavit plaintiff's attorney attempted to justify this claimed lack of knowledge by stating that he wrote a letter to the original attorney in Auburn requesting him to divulge the identity of his malpractice carrier and that he did not respond. The entire attempt to ascertain malpractice coverage was limited to the one letter recited. No telephone call, personal visit, follow-up letter or other attempt to make inquiry was initiated. He further alleges that the first indication that there was malpractice coverage came from one of the attorneys in the original personal injury action on February 11, 1975. While an injured party is not held to as high a standard of diligence as that required of an insured, some effort to determine the existence of coverage is required (*Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, affd 4 NY2d 1028). In this case State Farm was the carrier insuring the Romano vehicle and had retained the Auburn attorney to defend plaintiff's estate. State Farm had a working relationship with this attorney for over a year and was well aware of his failings. In view of the fact that an attorney with only a peripheral interest in this action knew the identity of the attorney's malpractice insurer (this same company writes most of the legal malpractice insurance in the area), it is plain that plaintiff failed to exercise that degree of diligence in seeking out the defendant as would justify its claim of lack of knowledge and thus excuse the delay. Notice is held to be untimely as a matter of law only when no excuse is offered for the delay or when no credible evidence supports the proffered excuse (*Hartford Fire Ins. Co. v Masternak,* 55 AD2d 472). The facts and circumstances of this case as revealed in the record plainly indicate that State Farm as agent for plaintiff Romano estate made no real effort to ascertain their own attorney's insurer, which information was readily available. Hence, its ignorance of the existence of insurance coverage was not justified and does not excuse the delay. Finally, plaintiff's argument that St. Paul waived the defense of timely notice because the disclaimer failed to mention this specific ground is not persuasive. The rule is that an insurance company that disclaims coverage on specific grounds waives all other grounds of which it has knowledge (*Brink v Hanover Fire Ins. Co.,* 80 NY 108; *Appell v Liberty Mut. Ins. Co.,* 22 AD2d 906, affd 17 NY2d 519; *D'Aquilla Bros. Contr. Co. v Hartford Acc. & Ind. Co.,* 22 Misc 2d 733, mod 15 AD2d 509). A fair reading of the disclaimer filed here, however, coupled with the fact that a copy of the disclaimer was sent to State Farm together with the copy of the third-party pleadings, is sufficient proof that St. Paul disclaimed coverage on the ground that it received no notice of the occurrence or suit (see *Zook v Hartford Acc. & Ind. Co.,* 55 AD2d 641). Accordingly, I dissent and vote to affirm. (Appeal from order and judgment of Onondaga Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.