*303 OPINION OF THE COURT
Arnold N. Price, J.
This case presents the vexing problem posed when a party who has insurance coverage for an alleged claim fails to appear or answer in the action.
It appears that on June 30, 1986, defendant issued an automobile liability insurance policy to Brahim Gjenasaj which contained a $5,000 limit for property damage. On October 12, 1986, that vehicle, driven by Fadil Gjenasaj, was in an accident with an automobile owned and operated by the plaintiff’s insured. On April 22, 1987, defendant, through its agent, received a letter from plaintiff’s attorney notifying them of the accident and requesting reimbursement of the money paid out to its subrogor. On or about March 22, 1989, plaintiff served a demand for arbitration on defendant in accordance with their joint membership in Intercompany Arbitration. Plaintiff withdrew the demand on or about May 1, 1989, after defendant objected to the arbitration on the ground that the amount demanded exceeded the property damage limits of the policy.
One month later plaintiff commenced an action against Brahim Gjenasaj and Fadil Gjenasaj for property damage in this court. Plaintiff claims that it mailed a letter to defendant in June 1989 advising of the lawsuit and enclosed a copy of the summons and complaint. According to plaintiff, a copy of that same letter and the enclosures were again mailed to defendant on August 15, 1989. Defendant denies receiving either letter. When defendant did not respond, an inquest was held. Plaintiff recovered a default judgment against defendant’s insureds on April 5, 1990 in the amount of $10,514.16 and sent a copy of the default judgment to defendant, concededly received by defendant on April 10, 1990. Fourteen days later defendant mailed a notice of disclaimer dated “April 1990” [sic] advising its insured that it was disclaiming coverage because they had "failed to cooperate”; they had breached a provision of the policy which required prompt transmission of any notices or legal papers; and that a copy of the summons and complaint was never received.
On or about May 24, 1990, plaintiff commenced the present action. Although defendant labels this action as one for declaratory judgment, it is actually an action pursuant to Insurance Law § 3420 (a) (2) which authorizes a direct action against the insurer by an injured person after a judgment *304 obtained against the insured remains "unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment”. Defendant interposed an answer herein consisting of a general denial and an affirmative defense alleging disclaimer based on the fact that the receipt of the default judgment was its first notice of the prior lawsuit and the failure of its insureds to notify defendant thereof.
At the outset it is clear that the defendant’s notice of disclaimer dated "April 1990” [sic] is based on the alleged failure of its insureds to cooperate and not on untimely notice of the accident. (Hovdestad v Interboro Mut. Indent. Ins. Co., 135 AD2d 783 [2d Dept 1987]; General Ace. Ins. Group v Cirucci, 46 NY2d 862 [1979].) Defendant concedes that it had knowledge of the accident on April 22, 1987 by plaintiff’s letter to its agent, a period of approximately six months after the accident. The law is clear that an injured party is afforded the independent right to give proper notice of an accident thereby preserving the injured party’s right to proceed directly against the insurer. (Insurance Law § 3420 [a] [3]; Lauritano v American Fid. Fire Ins. Co., 3 AD2d 564 [1st Dept 1957], affd 4 NY2d 1028.)
Defendant’s notice of disclaimer further states that coverage was denied because its insureds failed to comply with a provision in the policy which required the prompt transmission of "any notices or legal papers received in connection with the accident or loss.” It has long been held that the provision of the statute which states that failure to give any notice required to be given by the policy, within the prescribed time in the policy, does not invalidate any claims if such notice is given as soon as reasonably possible. This principle embraces the entire notice complex, which includes the policy requirement that all suit papers be forwarded to the insurer. An injured person has the right to give notice of the lawsuit, and to forward the legal papers; otherwise that right is "completely illusory.” When compared to the prompt notification of the accident, the right to immediate transmission of the legal papers is of less considerable importance. (Lauritano v American Fid. Fire Ins. Co., supra; Romano v St. Paul Fire & Mar. Ins. Co., 65 AD2d 941 [4th Dept 1978]; Insurance Law § 3420.)
Defendant received timely notice of the accident and thereby satisfied the requisite condition to coverage under its policy. After defendant received the demand for arbitration in March 1989 it interjected itself into the dispute by objecting to *305 the arbitration on the ground that the demanded amount exceeded the limits of the policy. Clearly, at that point, the defendant was not only aware of the accident but was acting in the arbitration as a result of the policy it issued to its insureds.
Insurance Law § 3420 (a) (3) provides that a "written notice by or on behalf of the injured person or any other claimant, to any licensed agent of the insurer in this state, with particulars sufficient to identify the insured, shall be deemed notice to the insurer.” The affirmation of the attorney for the plaintiff avers that he mailed on June 29, 1989 and August 15, 1989 the letter dated June 29, 1989 notifying the defendant of the commencement of suit against its insureds together with a copy of the summons and complaint. Both the affirmation of the defendant’s attorney and the affidavit of the secretary of the defendant’s agent state that "the first notice” defendant had of the underlying action against its insureds was upon receipt of the default judgment in April 1990. This is insufficient to rebut the presumption that the mailings by the plaintiff’s attorney occurred, and raises no question of fact as to whether the mailings were made. (Engel v Lichterman, 62 NY2d 943 [1984]; Siegel, NY Prac § 202, at 294 [2d ed].)
Defendant’s notice of disclaimer states as follows: "Please be advised that the Home Indemnity Company hereby disclaims and will neither defend nor indemnify you. You have failed to cooperate.”
Insurance Law § 3420 (c) expressly places the burden upon the insurer to prove failure or refusal of its insured to cooperate. Thrasher v United States Liab. Ins. Co. (19 NY2d 159, 168 [1967]) is the seminal case defining the burden of the insurer’s proof of a disclaimer based on lack of cooperation: "The burden of proving lack of co-operation of the insured is placed upon the insurer. * * * Since the defense of lack of co-operatian penalizes the plaintiff for the action of the insured over whom he has no control, and since the defense frustrates the policy of this State that innocent victims of motor vehicle accidents be recompensated for the injuries inflicted upon them * * * the courts have consistently held that the burden of proving the lack of co-operation is a heavy one indeed. Thus, the insurer must demonstrate that it acted diligently in seeking to bring about the insured’s co-operation * * * that the efforts employed by the insurer were reasonably calculated to obtain the insured’s co-operation * * * and that the *306 attitude of the insured, after his co-operation was sought, was one of 'willful and avowed obstruction’
The heavy burden imposed by Thrasher (supra) on the insurer to prove lack of cooperation requires the insurer to demonstrate its diligence in seeking to bring about its insured’s cooperation and that its efforts were "reasonably calculated” to obtain its insured’s cooperation. This record discloses no efforts whatsoever taken by defendant to enlist the cooperation of its insureds. An insured’s failure to act as a conduit of transmission may not be taken as a violation of a condition requiring cooperation with a company. (Lauritano v American Fid. Fire Ins. Co., supra.) There was absolutely no showing made by defendant of willful obstruction by its insureds. The evidence presented shows only their nonaction. In order for nonaction by an insured to escalate into noncooperation, the Court of Appeals has held that the inference of noncooperation must be "practically compelling.” (Matter of Empire Mut. Ins. Co. [Stroud — Boston Old Colony Ins. Co.], 36 NY2d 719, 722 [1975].)
In opposing this motion for summary judgment defendant has not met its burden of proving alleged failure of cooperation by its insureds. The opposing papers are devoid of any facts of the insureds’ failure of cooperation to support the insurer’s sole defense of disclaimer necessary to defeat plaintiff’s motion for summary judgment. By itself, the disclaimer is not factual proof of lack of cooperation.
In our view, the fact that defendant’s insureds did not transmit the summons and complaint in the underlying action is not enough to defeat plaintiff’s motion for summary judgment herein. Defendant had sufficient notice of the accident and more than ample opportunity to investigate the accident and endeavor to communicate with its insureds. An insurer which has timely notice of an accident, attempts to arbitrate a claim arising out of that accident and has notice of a default judgment — and does nothing — may not deny coverage on the ground that its insureds "failed to cooperate”.
For the reasons above set forth, plaintiff’s motion for summary judgment is granted, and the clerk shall enter judgment for the plaintiff in the sum of $5,000 (the limit of the coverage under defendant’s policy) plus interest from the date of the underlying judgment, April 5, 1990, together with the costs and disbursements of this action.