■ STATE OF NEW YORK, Respondent, v AMERICAN NATIONAL FIRE INSURANCE COMPANY, Appellant. [598 NYS2d 339] — Mikoll, J. P. Appeal from an order of the Supreme Court (Keniry, J.), entered January 28, 1992 in Albany County, which denied defendant's motion for summary judgment and granted plaintiff's cross motion to dismiss defendant's 15th affirmative defense.

Plaintiff commenced this action pursuant to Navigation Law §§ 190 and 192 to recover cleanup and removal costs plus civil penalties resulting from petroleum product discharges which contaminated the soil, ground water, riverbanks and St. Regis

River in Franklin County. The spill was discovered on or about August 1, 1985 and a second spill occurred on or about December 16, 1987. The discharges originated from petroleum storage tanks at a general store which was owned by Richard Ross and insured by defendant. Having expended over $25,000 to clean up, contain and mitigate the spill, plaintiff sent a letter dated April 24, 1989 to Ross demanding reimbursement of those costs. Ross failed to pay and plaintiff brought an action against him to recover the cleanup costs. Ross then filed for bankruptcy.

On or about January 22, 1990, Ross' attorney notified plaintiff that Ross was insured at the time by defendant. Plaintiff then made a claim against defendant. By letter dated February 6, 1990, defendant gave written notice to Ross of its reservation of rights concerning, *inter alia,* Ross' failure to give timely notice of the discharge and the subsequent claim of plaintiff.

Defendant answered the complaint in the instant action and asserted 27 affirmative defenses. The 15th such defense alleged failure to promptly notify it of an insurable occurrence and of any claim or suit. Defendant subsequently moved for summary judgment on the ground that Ross had not promptly notified it of the spills. Supreme Court, *inter alia,* denied defendant's motion. In a letter dated July 10, 1991, defendant issued a formal written notice of disclaimer of coverage to Ross. Defendant again moved for summary judgment dismissing the complaint. Plaintiff opposed the motion and also requested dismissal of defendant's 15th affirmative defense. Supreme Court denied defendant's motion for summary judgment and granted plaintiff's cross motion to dismiss defendant's 15th affirmative defense. This appeal ensued.

There should be an affirmance. Plaintiff's contention, that Navigation Law § 190 confers upon it a right of action against a petroleum spiller's insurer, and that it gave timely notice to defendant of the spill occurrence at issue and the subsequent claim, is persuasive. Plaintiff, a third party to the insurance contract, informed defendant of its claim within days after learning that Ross was insured by defendant.

Navigation Law § 190 provides that plaintiff may seek recovery against an oil spiller's insurance if the spill is covered by the policy *(see, State of New York v Travelers Indem. Co.,* 120 AD2d 251, 254, *appeal dismissed* 69 NY2d 900). Moreover, Insurance Law § 3420 (a) (4) provides that no insurance policy may be issued without "[a] provision that failure to give any notice required to be given by such policy within the time

prescribed therein shall not invalidate any claim made by the insured *or by any other claimant* if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible" (emphasis supplied). It is also settled that a "third party may seek recovery from an insured's carrier despite the failure of the insured to provide timely notice of the accident" *(General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 863-864; *see, Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, 568, *affd* 4 NY2d 1028).

Here, plaintiff demonstrated a reasonable excuse for its delay in notifying defendant of its claim, namely lack of knowledge that defendant was Ross' insurer *(see, Romano v St. Paul Fire & Mar. Ins. Co.,* 65 AD2d 941, 942). It was then the obligation of defendant to furnish factual information in admissible evidentiary form supporting its conclusory claim that plaintiff did not diligently attempt to ascertain information of the identity of Ross' insurer *(see, supra,* at 942-943). In the absence of such proof plaintiff is entitled to the relief granted.

We find it unnecessary to discuss defendant's other arguments for reversal.

Yesawich Jr., J. P., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.