■ Umberto Califano, Respondent, v David Campaniello et al., Respondents, and Randy H. Narod et al., Appellants. [663 NYS2d 102] —In an action to recover damages for personal injuries, the defendants Randy H. Narod and Lisa E. Narod appeal from an order of the Supreme Court, Nassau County (Kutner, J.), entered June 26, 1996, which denied their motion

for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims insofar as asserted against Randy H. Narod and Lisa E. Narod are dismissed, and the complaint against the remaining defendants is severed.

The plaintiff Umberto Califano commenced this action to recover damages for injuries he received when the motorboat in which he was a passenger was struck by a jet ski. The motorboat was owned and operated by the appellants, Lisa E. Narod and Randy H. Narod, respectively. The accident occurred in Reynolds Channel near Island Park when Randy H. Narod stopped the boat to assist two persons who had fallen off a jet ski into the water. A jet ski operated by the defendant David Campaniello struck the rear of the boat, and the plaintiff was thrown forward onto the deck. Based on the parties' deposition testimony, the appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. We conclude that the Supreme Court erred in denying the motion.

In order to establish his cause of action against the appellants, the plaintiff must establish that they breached a duty of care as to him and that such negligence was a substantial cause of the events which produced his injury (*see, Boltax v Joy Day Camp*, 67 NY2d 617, 619; *Akins v Glens Falls City School Dist.*, 53 NY2d 325, 333; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). The appellants met their initial burden on the motion for summary judgment of establishing by admissible evidence that Randy H. Narod piloted the boat in a prudent manner and that the plaintiff's injury was not caused by any negligence on his part. The plaintiff's deposition testimony corroborated Randy H. Narod's testimony that he allowed the boat to drift in neutral towards the fallen jet skiers and that the boat was stopped before it was struck by David Campaniello's jet ski. Moreover, David Campaniello testified at his deposition that he observed the boat stop to assist the fallen jet skiers and that the boat was stationary for 10 to 15 seconds prior to the collision.

The evidence submitted in opposition by the plaintiff and David Campaniello was insufficient to defeat the appellants' motion. The affirmation of Campaniello's attorney contained speculative and conclusory allegations which were unsupported by evidentiary proof and which were contrary to a fair reading of the parties' deposition testimony (*see, Zuckerman v City of*

*New York,* 49 NY2d 557). The plaintiff submitted an affidavit which directly contradicted his deposition testimony and clearly constituted an attempt to avoid the consequences of his testimony by raising feigned issues *(see, Andrews v Porreca,* 227 AD2d 940; *Garvin v Rosenberg,* 204 AD2d 388; *Prunty v Keltie's Bum Steer,* 163 AD2d 595).

Accordingly, we conclude that the appellants established their entitlement to summary judgment as a matter of law. Miller, J. P., O'Brien, Santucci and Altman, JJ., concur.