■ New York Mutual Underwriters, Appellant, v Bernard Kaufman et al., Respondents. [685 NYS2d 312] —Crew III, J. Appeal from an order of the Supreme Court (Keegan, J.), entered April 9, 1998 in Albany County, which denied plaintiff's motion for summary judgment.

On August 6, 1994, defendant Thomas O'Neill was injured while mowing defendant Bernard Kaufman's lawn in the Town of Fallsburg, Sullivan County. As a result of the injuries sustained, Kaufman drove O'Neill to a local hospital where O'Neill was treated for severe lacerations and avulsion injuries to his left foot. Thereafter, in July 1996, O'Neill commenced a personal injury action against Kaufman to recover damages for the injuries that he sustained. Kaufman was served with a summons and complaint on or about August 10, 1996. On October 25, 1996, Kaufman forwarded the legal papers to plaintiff, which had issued a policy of insurance covering Kaufman's property. As a consequence, plaintiff commenced the instant declaratory judgment action against Kaufman and O'Neill seeking, *inter alia*, a declaration that it was under no obligation to defend or indemnify Kaufman in the underlying personal injury action. After defendants answered, plaintiff moved for summary judgment. Supreme Court denied the motion and this appeal by plaintiff ensued.

We affirm. Plaintiff asserts that Supreme Court erred in denying summary judgment inasmuch as Kaufman did not notify plaintiff of the August 6, 1994 occurrence until October 25, 1996, more than two years thereafter. In opposition to plaintiff's motion for summary judgment, Kaufman submitted an affidavit wherein he averred that approximately two weeks after the accident he telephoned plaintiff's agent, informed an employee of the agency of O'Neill's injuries and confirmed that he had a policy of insurance with plaintiff that was in effect at the time O'Neill was injured. O'Neill also submitted an affidavit in opposition to plaintiff's motion in which he averred that

he was present when Kaufman telephoned plaintiff's agent. While plaintiff contends that such affidavits merely raise a feigned factual issue designed to avoid the consequences of Kaufman's earlier "admission" that he failed to notify plaintiff in a timely fashion (citing *Califano v Campaniello*, 243 AD2d 528; *Prunty v Keltie's Bum Steer*, 163 AD2d 595), we note that there are no such admissions inasmuch as the pleadings are not verified and there are no depositions or statements in which Kaufman concedes a failure to notify plaintiff of the occurrence prior to October 25, 1996. Accordingly, Supreme Court properly concluded that the opposing affidavits presented credibility issues to be determined by the trier of fact.

Plaintiff further urges that Supreme Court erred in denying summary judgment inasmuch as Kaufman failed to promptly forward the summons and complaint as required by plaintiff's policy of insurance. Plaintiff contends that such failure vitiates the contract without regard to whether plaintiff was prejudiced as a result of the late notice. We disagree. This Court previously has held that the principles governing the failure of an insured to give timely notice of an accident are entirely different from those governing the requirement of notice of suit. In the latter case, late notice will be excused where no prejudice has inured to the insurer (*see, Aetna Ins. Co. v Millard*, 25 AD2d 341; *see also, Romano v St. Paul Fire & Mar. Ins. Co.*, 65 AD2d 941). Inasmuch as O'Neill did not take a default judgment against Kaufman in the underlying personal injury action, no prejudice to plaintiff has been demonstrated (*see, id.*).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.