■ In the Matter of the Arbitration between WILLIAM C. BRANDON, Appellant, and NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent. [727 NYS2d 727] —Crew III, J. P. Appeals from an order and judgment of the Supreme Court (McNamara, J.), entered June 16, 2000 and January 8, 2001 in Albany County, which, *inter alia*, granted respondent's cross application pursuant to CPLR 7503 to stay arbitration between the parties.

In March 1997, petitioner was a passenger in a motor vehicle owned and operated by his son when it was struck by a vehicle owned and operated by Griselda Concel. At the time of the accident, petitioner was the holder of an automobile insur-

ance policy issued by respondent, which included coverage for supplementary uninsured motorist benefits (hereinafter SUM). In September 1997, petitioner commenced an.action against Concel to recover damages for the injuries that he sustained in the accident. In October 1998, petitioner's attorneys contacted respondent concerning petitioner's application for SUM benefits. In response, respondent authored a reservation of rights letter dated November 9, 1998 advising that petitioner had failed to provide respondent with a timely notice of the claim and, further, had failed to promptly forward a summons and complaint in his action against Concel as required by respondent's policy of insurance. Thereafter, on December 17, 1998, respondent sent a written notice of disclaimer of SUM benefits based upon petitioner's failure to timely provide notice of the underlying personal injury action against Concel.

Following respondent's notice of disclaimer, petitioner commenced this proceeding pursuant to CPLR article 75 to compel arbitration of his claim for SUM benefits. Respondent, in turn, cross-petitioned for a permanent stay of arbitration. Supreme Court found that petitioner had failed to comply with the terms of the policy, which required that he immediately forward a copy of the summons and complaint in the underlying personal injury action to respondent, but denied respondent's request for a stay on the ground that questions of fact existed as to whether respondent's delay in disclaiming was reasonable under the circumstances. Following an evidentiary hearing, Supreme Court determined that the 38-day delay between the reservation of rights letter and the disclaimer was reasonable, granted the cross petition to stay arbitration and dismissed the petition to compel arbitration. This appeal ensued.

We previously have held that the principles governing the failure of an insured to give timely notice of an accident are entirely different from those governing the requirement of notice of suit (see, Aetna Ins. Co. v Millard, 25 AD2d 341, 344). Failure to provide timely notice of the accident vitiates the contract, whereas late notice of suit will be excused where no prejudice has inured to the insurer (see, New York Mut. Underwriters v Kaufman, 257 AD2d 850, 851). Contrary to respondent's contention, we see no legal distinction between New York Mut. Underwriters v Kaufman (supra) and the case at bar and, inasmuch as respondent has claimed no prejudice, nor does the record reflect any, petitioner's failure to comply with the legal notice provision of the policy does not afford respondent a basis for disclaimer.

In any event, were we to hold otherwise, we nonetheless

would reverse on the ground that respondent did not demonstrate that its delay in disclaiming was reasonable. At the hearing to establish the reasonableness of respondent's delay, Charles Hunter, a claims representative of respondent, testified. Hunter was assigned to investigate the matter on October 29, 1998. Although Hunter testified that he initially was attempting to determine whether petitioner had timely filed a notice of claim, it is clear that his inquiries included whether suit papers had been received by respondent. On November 4, 1998, Hunter was advised by representatives in respondent's Columbus, Ohio, office that they had located a no-fault file of petitioner and that no SUM claim or summons and complaint were contained therein. Thereafter, on November 9, 1998, Hunter was in contact with representatives of petitioner's insurance agent and determined, *inter alia*, that the agency had not received a summons and complaint regarding any personal injury action commenced by petitioner.

Contrary to Supreme Court's determination, it would appear that as of November 9, 1998, respondent was possessed of sufficient facts to disclaim on the basis of petitioner's failure to provide respondent with a copy of the summons and complaint in the underlying action. In any event, as noted by Supreme Court, Hunter clearly was aware of the underlying lawsuit as of November 13, 1998, as a result of conversations he had with representatives of the insurer of petitioner's son. While Hunter indicated that he then had to retrace his initial investigation to determine if a summons and complaint had been received by respondent (a somewhat questionable assumption as he already knew the Columbus, Ohio, office had no copy of a summons and complaint, nor did petitioner's insurance agent), as noted by Supreme Court, Hunter did not detail his efforts in that regard, indicate when he had completed that process or offer any explanation as to why it took 34 days to disclaim. Under those circumstances, we find that respondent did not sustain its burden of establishing that its delay in disclaiming coverage was reasonable.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order and judgment are reversed, on the law, with costs, petition granted and cross petition denied.