MARK A. VARRICHIO AND ASSOCIATES, Mark A. Varrichio, Individually, Plaintiffs–Appellants,

v.

CHICAGO INSURANCE COMPANY, Defendant–Appellee.

No. 02–7002.

United States Court of Appeals, Second Circuit.

Argued: Aug. 5, 2002.

Question certified to the New York Court of Appeals: Nov. 14, 2002.

Mark A. Varrichio (Rocco Ernesto Vozza, Vozza & Vozza, Mount Kisco, NY, on the brief), for Plaintiffs–Appellants.

Steven A. Coploff, Steinberg & Cavaliere, LLP, White Plains, NY, for Defendant–Appellee.

Before: LEVAL, CALABRESI, and POOLER, Circuit Judges.

CALABRESI, Circuit Judge.

Plaintiffs Mark A. Varrichio and Associates and Mark A. Varrichio ("Varrichio") appeal from an order by the United States District Court for the Southern District of New York (Carter, *J.*) granting summary judgment to the defendant, Chicago Insurance Company ("Chicago"). The district court concluded that New York law does not require an insurer to show prejudice before denying coverage for failure to comply with a notification of suit provision. We believe that a recent decision by the New York Court of Appeals casts doubt on whether New York's no-prejudice rule applies to notice of suit provisions in cases like the one before us. Because this issue is recurrent and involves important public policy considerations for New York, we certify to the New York Court of Appeals the question of whether, where an insured duly complied with an insurance policy's notice of claim clause, New York requires the insurer to demonstrate prejudice in order to disclaim coverage based on the insured's failure to comply with the policy's notice of suit requirement.

## BACKGROUND

In the spring of 1999, it became apparent that Varrichio, an attorney, was going to be sued for malpractice. Complying with his insurance policy, he promptly notified Chicago, his insurer, of the potential claim. Chicago began an investigation and analysis of the case and was subsequently in regular contact with Varrichio. When Varrichio was served with a summons and complaint ("the suit papers") on July 19, 2000, he failed to forward these forthwith to Chicago, though the policy expressly required that a summons be sent to the

insurer "immediately." [1] On September 15, Chicago learned that Varrichio had been served. In a letter dated September 21, Chicago disclaimed coverage, citing Varrichio's failure to forward copies of the suit papers. Shortly thereafter, on September 25, Varrichio forwarded these papers to Chicago. Having failed to convince Chicago to reconsider its disclaimer, Varrichio brought a declaratory judgment action in the Supreme Court, Bronx County, to force Chicago to defend and/or indemnify him for the legal malpractice claim. Chicago removed the action to the United States District Court for the Southern District of New York.

After discovery, Chicago sought summary judgment, contending that under New York law, Varrichio's noncompliance with the notice requirement permitted Chicago to deny coverage. In opposition to this motion, Varrichio argued (1) that he had complied with the notice of claim provision, (2) that he had not violated the cooperation clause, (3) that Chicago did not suffer any prejudice as a result of his noncompliance with the notice clause, and (4) that his reasonable belief that Chicago already had the suit papers excused his delay in forwarding them.

The district court granted Chicago's motion for summary judgment. *Mark A. Varrichio and Assocs. v. Chicago Ins. Co.,* No. 01 Civ. 2737, 2001 WL 1524475 (S.D.N.Y. Nov.29, 2001). The court rejected Varrichio's arguments that he had complied with the notice of claim provision and with the policy's cooperation clause, finding them irrelevant since coverage had been disclaimed solely on the basis of failure to forward the suit papers. *Id.* at *2. The court also rejected Varrichio's third argument, concluding that under New York law coverage to an insured who has failed to comply with a notice requirement may be denied without any showing of prejudice. *Id.* at *3. With respect to Varrichio's fourth and final argument—his claimed excuse for the delay—the court rejected Chicago's contention that under New York law there is *no* valid excuse for an insured's failure to comply with a requirement to forward service immediately. *Id.* at *4. It found, however, that Varrichio's proffered excuse—that he reasonably believed that Chicago already had the papers—did not qualify as an excuse under New York law. *Id.* at *5.

## DISCUSSION

We review the district court's grant of summary judgment *de novo. Booking v. General Star Mgmt. Co.,* 254 F.3d 414, 417 (2d Cir.2001). And, as the parties and the district court all agree to be appropriate, we apply New York law in this case. *Varrichio and Assocs.,* 2001 WL 1524475, at *3.

Varrichio raises four arguments on appeal: (1) that Chicago's communications to Varrichio around the time of July 19, 2000, when Varrichio's office received the suit papers, either constituted an implied waiver of the immediate notice provision or estopped Chicago from relying on that provision; (2) that Varrichio's delay in forwarding the suit papers was reasonable and that he therefore complied with the immediate notice provision; (3) that Varrichio's reasonable belief that Chicago already had the suit papers, which was based on Chicago's misleading behavior, excused him from the notice requirement;

---

1. The pertinent clause reads: "If Claim is made or suit is brought against the Insured, the Insured or its representative shall immediately forward to the Company every demand, notice, summons or other process received by the Insured or the Insured's representative." (emphasis omitted)

and (4) that Chicago cannot disclaim coverage without showing prejudice.

On the undisputed facts before us, we find no merit to the first three claims. However, given the New York Court of Appeals' recent decision in *In re Brandon*, 97 N.Y.2d 491, 743 N.Y.S.2d 53, 769 N.E.2d 810 (2002), we believe New York law to be uncertain on, and we hence decline to decide, Varrichio's fourth claim. We therefore certify to the New York Court of Appeals the question of whether an insurer must demonstrate prejudice before being permitted to disclaim liability where the insured provided timely notice of the claim, but subsequently failed to provide timely notice of suit.

## I. Varrichio's first three contentions

### a.

Varrichio argues that Chicago implicitly waived the immediate notice provision, or is now estopped from relying on that provision, since Chicago caused Varrichio reasonably to believe that he didn't need to forward the suit papers. According to Varrichio, Chicago is responsible for his belief that he didn't need to forward the suit papers because it informed him in various communications (a) that it was actively investigating the case, (b) that it had arrived at a preliminary settlement range, (c) that it had hired a law firm to defend the case, and (d) that it had been in contact with the claimant's counsel. Varrichio further contends that he was misled by correspondence between himself and Chicago regarding whether he carried any other insurance. Finally, Varrichio points to affidavits from himself, from his secretary and from the attorney representing the party suing Varrichio indicating their belief that, around the time of service, Chicago had notice of the lawsuit.

■ All this, Varrichio claims, caused in him the misconception that forwarding the suit papers was unnecessary. Accordingly, he maintains that Chicago implicitly waived the notice requirement or is now estopped from relying on it. We doubt the validity of Varrichio's waiver and estoppel arguments. It is not necessary, however, to delve into this matter any further. Chicago asserts that the waiver/estoppel argument is new on appeal, a contention that Varrichio does not dispute and the record does not belie. Under the circumstances, we deem Varrichio's waiver and estoppel arguments to be forfeited. *See United States v. Olano,* 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) ("No procedural principle is more familiar to this Court than that a constitutional right, or a right of any other sort, may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." (internal quotation marks omitted)).

### b.

■ Varrichio also claims that his delay in forwarding the suit papers was reasonable and that the notification was therefore timely. Both New York and federal courts have consistently held, however, that under New York law, where a policy has an *immediate* notice of suit requirement, even a relatively short delay in providing notice violates that requirement. *See Varrichio,* 2001 WL 1524475, at *3 (citing state and federal cases); *Chicago Ins. Co. v. Borsody,* 165 F.Supp.2d 592, 599 (S.D.N.Y.2001) (same). Varrichio can point to no case dealing with an immediate notice provision that reaches a contrary conclusion. Hence the district court was right to reject Varrichio's excuse of reasonable delay.

### c.

■ Varrichio next argues that his reasonable belief that Chicago already had

the papers excused him from complying with the immediate notice requirement. We find, however, that a reasonable jury could not possibly find that the circumstances alleged by Varrichio were sufficient to give rise to a reasonable belief on his part that Chicago already had the suit papers. Varrichio claims that he knew that Chicago (a) was actively investigating the case, (b) had arrived at a preliminary settlement range, (c) had hired a law firm to defend the case, and (d) had been in contact with the claimant's attorneys. Even assuming, as at this stage of the litigation we must, that all these facts were as Varrichio asserts them to be, we believe that it was unreasonable for him to draw the inference that Chicago had received copies of the suit papers. These facts simply do not justify such a conclusion. As a result, the district court's holding that "the excuse offered by plaintiffs in this case is unreasonable as a matter of law," 2001 WL 1524475, at *5, was correct.[2]

## II. The open question of New York law

■ Varrichio argued before the district court that in order to disclaim its obligations under the insurance policy, Chicago was required to demonstrate prejudice. The district court rejected this contention, finding that "[u]nder New York law, 'the notice provision for a primary insurer operates as a condition precedent and ... the insurer need not show prejudice to rely on the defense of late notice.'" 2001 WL 1524475, at *3 (quoting *Unigard Sec. Ins. Co. v. N. River Ins. Co.*, 79 N.Y.2d 576, 581, 584 N.Y.S.2d 290, 594 N.E.2d 571, 573 (1992) (omissions in original)); *see also AXA Marine and Aviation Ins. Ltd. v. Seajet Indus. Inc.*, 84 F.3d 622, 624–25 (2d Cir.1996) (stating that New York's no prejudice rule applies not just to notice of occurrence, but also to notice of claim and suit provisions).

After the district court issued its opinion, the New York Court of Appeals decided *In re Brandon*, 97 N.Y.2d 491, 743 N.Y.S.2d 53, 769 N.E.2d 810 (2002). In a case involving an insurance policy that provided Supplementary Uninsured Motorists (SUM) coverage, *Brandon* held that "insurers relying on the late notice of legal action defense should be required to demonstrate prejudice." 97 N.Y.2d at 498, 743 N.Y.S.2d 53, 769 N.E.2d 810. We believe that this holding casts doubt on the traditional New York rule that when the insured has failed to comply with an immediate notice of suit provision in the insurance contract, an insurer need not show prejudice in order to refuse coverage.

Members of this panel are of different opinions as to the best interpretation of *Brandon*. On the narrower reading, *Brandon* applies only to notice of suit provisions in SUM policies. On the broader, *Brandon* marks the death of New York's traditional no-prejudice rule for notice of suit provisions where there has been a

---

2. While we agree with the district court's conclusion on this point, we have serious doubts about the route it took to get there. The district court based its determination not on a finding that Varrichio's belief was unreasonable, but on its view that Varrichio's proffered excuse—that he thought Chicago already had the suit papers—was invalid under New York law. 2001 WL 1524475, at *5 ("New York courts seem to recognize only two possible excuses for failure to forward suit papers: reasonable belief of noncoverage, and reasonable belief of nonliability."). We are not satisfied that New York law is so limited. If, for example, an insurer told the insured, whether mistakenly or accurately, that it had received the suit papers directly from the plaintiff's attorney, and the insured relied on that representation in not bothering to forward a second copy, we doubt that New York courts would uphold the insurer's disclaimer of coverage based on the insured's failure to comply with the notice of suit requirement.

timely notice of claim. The panel is in agreement, however, that the scope of the decision is subject to more than one reasonable interpretation. The Court of Appeals indicated that the holding of *Brandon* might well be expanded beyond the context of SUM coverage. "States often begin the shift to a prejudice requirement in the uninsured motorist context, where various policy considerations ... are clearly implicated." *Id.* at 496 n. 3, 743 N.Y.S.2d 53, 769 N.E.2d 810. But we cannot be sure whether a shift of this sort is under way in New York and we consider it prudent to ask the New York Court of Appeals to rule on the scope of *Brandon* rather than seeking to adjudge the issue ourselves.

Were we to decide the case ourselves, we likely would conclude that the general principles that the New York Court of Appeals adopted in *Brandon* suggest that that court would not apply the no-prejudice rule in the case before us. The Court of Appeals identified the traditional rationales for the no-prejudice rule as "the insurer's need to protect itself from fraud by investigating claims soon after the underlying events; to set reserves; and to take an active, early role in settlement discussions." *Id.* at 496, 743 N.Y.S.2d 53, 769 N.E.2d 810. It further pointed out that in the context of SUM insurance, these purposes are adequately served by a timely notice of claim, which is typically submitted before a notice of suit. *Id.* at 497, 743 N.Y.S.2d 53, 769 N.E.2d 810. This is also true in the context of malpractice

insurance, as is demonstrated by the case before us. It is undisputed that Varrichio's prompt notice of claim allowed Chicago to begin its investigations, to estimate its likely costs, and to initiate settlement discussions.

We recognize that there is a difference between SUM coverage and Varrichio's policy with Chicago: In the case of SUM coverage, notification is of a suit *brought by the insured*, while in the case before us, notification is of a suit *against the insured.* As a general matter, an insurer may have a greater interest in prompt notification of a suit against the insured than of suits by the insured, since in the former case it is less likely to know the precise nature of the legal claim.

We believe, however, that this aspect of malpractice insurance should not lead to a different outcome than that reached in *Brandon.* Rejecting the no-prejudice rule does not prevent the insurer from disclaiming coverage, but merely requires a showing of prejudice to do so. If a provider of malpractice insurance can show that it has suffered harm as a result of the insured's failure to notify it immediately of a suit, it can still disclaim coverage. Were certification not available, we would therefore be inclined to hold that Chicago cannot disclaim coverage based on Varrichio's failure to comply with the policy's immediate notice of suit provision unless it first shows prejudice.[3] Nevertheless, we believe that the issue is sufficiently uncertain under New York law to warrant its certification.

---

**3.** We note that the Third Department has already held that where the holder of a homeowner's insurance policy, who had been sued for an accident on his property, failed to forward promptly copies of the summons and complaint to the insurer, the insurer was required to show prejudice before disclaiming coverage. *New York Mut. Underwriters v. Kaufman,* 257 A.D.2d 850, 851, 685 N.Y.S.2d

312 (N.Y.App.Div.1999) (cited in *In re Brandon,* 284 A.D.2d 886, 887, 727 N.Y.S.2d 727, 729 (N.Y.App.Div.2001), *aff'd,* 97 N.Y.2d 491, 743 N.Y.S.2d 53, 769 N.E.2d 810 (2002)). *Kaufman,* like the instant case, dealt with a suit against the insured and arrived at a result much like the one we would arrive at in this case.

In certifying the question to the New York Court of Appeals, we note that the question of whether prejudice is required in situations like that of the instant case is not only important and unsettled, but is also recurring. Indeed, in the few short months since *Brandon* was decided, we have seen the question at least twice. *See, e.g., U.S. Underwriters Ins. Co. v. 203–211 W. 145th St. Realty Corp.,* No. 01–9293, 2002 WL 1334794 (2d Cir. June 18, 2002).

In accordance with the above considerations, we respectfully certify the following question to the New York Court of Appeals:

> Where an insured has already complied with a policy's notice of claim requirement, does New York require the insurer to demonstrate prejudice in order to disclaim coverage based on the insured's failure to comply with the policy's notice of suit requirement?

The certified question may be deemed expanded to cover other pertinent questions of New York law that the Court of Appeals finds appropriate to answer in connection with this appeal. And we welcome any guidance the Court of Appeals might wish to provide with respect to any state law issues presented by this appeal. This panel retains jurisdiction to consider all issues that remain before us once the Court of Appeals has either provided us with its guidance or has declined certification.

Accordingly, it is hereby ORDERED that the Clerk of this Court transmit to the New York Court of Appeals a Certificate, as set forth below, together with a complete set of the briefs, appendix, and record filed by the parties in this Court. The parties are further ORDERED to bear equally such costs and fees, if any, as may be required by the New York Court of Appeals.

## CERTIFICATE

The foregoing is hereby certified to the New York Court of Appeals pursuant to Second Circuit Local Rule § 0.27 and New York Court of Appeals Rule § 500.17, as ordered by the United States Court of Appeals for the Second Circuit.