■ NAZIJA BOGDANOVIC et al., Respondents, v NORRELL HEALTH CARE SERVICES, INC., et al., Appellants. (And a Third-Party Action.) [752 NYS2d 399] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated February 12, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs allege that Nazija Bogdanovic sustained injuries when she slipped on a puddle of water created by a leaking water cooler bottle. The incident occurred at about 8:00 P.M., while Bogdanovic was cleaning the defendants' suite of offices. The six gallon square-shaped plastic water cooler bottle, as yet unopened, was at the bottom of a stack of similar bottles, stored horizontally, near the water cooler.

In an action arising out of a slip and fall, the plaintiff must prove that the defendant either created the condition which caused the accident, or had actual or constructive notice of the hazardous condition and a reasonable time to correct it (*see Goldman v Waldbaum, Inc.,* 297 AD2d 277; *Maguire v Southland Corp.,* 245 AD2d 347).

The defendants met their burden of establishing prima facie that they did not create or have actual or constructive notice of the puddle or of the alleged leak. In response, the plaintiffs' contention that triable issues of fact exist was based on conjecture and speculation (*see Becker v Waldbaum, Inc.,* 221 AD2d 396).

Additionally, the plaintiffs failed to show how additional discovery might reveal the existence of relevant facts presently

in the exclusive control of the moving party (*see* CPLR 3212 [f]; *Carrington v City of New York,* 201 AD2d 525).

Accordingly, the defendants' motion for summary judgment should have been granted. Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.