■ Antonion Massaro, Appellant, v Wellen Oil & Chemical, Inc., Respondent, et al., Defendants. [756 NYS2d 887] —In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated November 2, 2001, which granted the motion of the defendant Wellen Oil & Chemical, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

To sustain jurisdiction pursuant to CPLR 301 based upon a finding that the activities of a foreign corporation in New York are sufficient to constitute "doing business," the corporation must be shown to have been "doing business" at the commencement of the action (*see Lancaster v Colonial Motor Frgt. Line,* 177 AD2d 152 [1992]). The defendant Wellen Oil & Chemical, Inc. (hereinafter Wellen), a New Jersey corporation, made a prima facie showing that it had ceased its operations in June 1998, well before the commencement of the instant action. In opposition, the plaintiff failed to raise an issue of fact as to whether Wellen was "doing business" at the time of the commencement of the action.

Contrary to Wellen's contentions, the plaintiff's argument based upon CPLR 302, raised for the first time on appeal, is reviewable by this Court since it is one of law which appears on the face of the record and which could not have been avoided if raised before the motion court (*see Libeson v Copy Realty Corp.,* 167 AD2d 376 [1990]). However, in opposition to Wellen's prima facie showing that it did not transact business in New York, and that even if it did, that there was no "articulable nexus" between such transactions and the transaction upon which the plaintiff's cause of action is based (*McGowan v Smith,* 52 NY2d 268, 272 [1981]), the plaintiff offered an argument based entirely upon conjecture and speculation, which is insufficient to defeat summary judgment (*see Bogdanovic v Norrell Health Care Servs.,* 300 AD2d 611 [2002].

The plaintiff's remaining contentions are without merit. Ritter, J.P., Smith, Krausman and Rivera, JJ., concur.