■ NOELLE GELESKO, Plaintiff, v HOWARD R. LEVY, Defendant and Third-Party Plaintiff-Appellant. GREG A. GELESKO, Third-Party Defendant-Respondent. [828 NYS2d 904]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered April 13, 2006, which granted the third-party defendant's motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff Noelle Gelesko (hereinafter the plaintiff) allegedly was injured while riding in a tube on a lake. The tube carrying the plaintiff was being towed by a boat operated by the plaintiff's father, the third-party defendant Greg A. Gelesko (hereinafter Gelesko). Allegedly, the plaintiff was injured when her tube was struck by a Wave Runner, a personal watercraft owned and operated at the time by the defendant and third-party plaintiff Howard R. Levy (hereinafter Levy). The plaintiff commenced this personal injury action against Levy, averring, inter alia, that his negligence in operating the Wave Runner proximately caused her injuries. Thereafter, Levy commenced a third-party action against Gelesko, alleging that Gelesko's negligent operation of the boat which pulled the plaintiff's tube proximately caused the accident. Gelesko moved for summary judgment dismissing the third-party complaint. The Supreme Court granted Gelesko's motion. We affirm, but on a ground different from the ground relied upon by the Supreme Court.

Gelesko demonstrated his prima facie entitlement to judgment as a matter of law by showing that he was not negligent in operating the boat which pulled the plaintiff in her tube (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *see also Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *Califano v Campaniello*, 243 AD2d 528 [1997]). In opposition, Levy failed to raise a triable issue of fact. The assertion by Levy's attorney that Gelesko's actions were the proximate cause of the accident was insufficient to defeat the motion as it was based upon mere surmise, speculation, and conjecture, and had no support in the evidence (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Trzepacz v Jara*, 11 AD3d 531 [2004]; *Meliarenne v Prisco*, 9 AD3d 353, 354 [2004]; *Mora v Garcia*, 3 AD3d 478 [2004]; *Califano v Campaniello, supra* at 529; *Williams v Econ*, 221 AD2d 429 [1995]). Accordingly, Gelesko's motion for summary judgment dismissing the third-party complaint was

properly granted. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.