■ LEE ADAM FREDETTE, Appellant, v TOWN OF SOUTHAMPTON et al., Defendants, and ERNEST SBASCHNIK et al., Respondents. [943 NYS2d 760]—In an action to recover damages for personal

injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated August 18, 2009, as granted that branch of the motion of the defendants Ernest Sbaschnik and Christine A. Sbaschnik which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Ernest Sbaschnik and Christine A. Sbaschnik (hereinafter the Sbaschnik defendants) established their prima facie entitlement to judgment as a matter of law by their testimony that their home was located near the east side of the trail on which the subject motorcycle accident occurred, while the accident occurred on the west side, that they did not place concrete or other debris on the west side of the trail, and that they did not even enter the west side of the trail until after the accident.

The plaintiff failed to raise a triable issue of fact in opposition. Mere surmise, suspicion, speculation, and conjecture are insufficient to defeat a motion for summary judgment (see *Fotiatis v Cambridge Hall Tenants Corp.*, 70 AD3d 631 [2010]; *Gelesko v Levy*, 37 AD3d 528 [2007]; *Massaro v Wellen Oil & Chem.*, 304 AD2d 538 [2003]). Thus, the Supreme Court properly granted their motion for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Belen, Roman and Miller, JJ., concur.