Order, Supreme Court, New York County (Donna M. Mills, J.), entered January 20, 2012, which granted plaintiff Illinois National Insurance Company’s motion for summary judgment, denied defendant Zurich American Insurance Company’s cross motion for summary judgment, and declared that Zurich is obligated to defend and indemnify nonparty Schiavone Construction Co., Inc./Granite Halmar Construction Company Inc. (Schiavone) in an underlying personal injury action, and order, same court and Justice, entered April 23, 2012, which denied Zurich’s motion for leave to renew the prior motions, unanimously affirmed, with costs.
Nonparty Schiavone is a defendant in an underlying personal injury action brought by defendant Robert Boyd, an employee of one of Schiavone’s subcontractors, defendant Hayward Baker, Inc., who was injured when a drilling rig fell on him while he was working on a construction site. As part of the terms of the subcontract between Schiavone and Hayward Baker, Schiavone was to be named as an additional insured under the policy Hayward Baker obtained from defendant Zurich. Hayward Baker complied with this requirement.
After Boyd’s injury, Schiavone received notice of his claim in a letter from Boyd’s counsel on March 29, 2007. The letter named only Boyd and accused Schiavone of negligence. Schia *609 vone and its insurer, plaintiff Illinois National, undertook an investigation of the claim, eventually determining the Zurich was the proper insurer. On June 29, 2007, Illinois National demanded that Zurich defend and indemnify Schiavone in the underlying action. Zurich disclaimed coverage on the ground of late notice.
The motion court correctly determined that, under the standard “grouping of contacts” analysis, New York law, rather than Maryland law, applies in this case (see Zurich Ins. Co. v Shearson Lehman Hutton, 84 NY2d 309, 317 [1994] [internal quotation marks omitted]). Indeed, the subcontract between Hayward Baker and Schiavone involved construction services at a site located in New York, Schiavone formed a joint venture in New York to perform those services, the accident and resulting litigation occurred in New York, Zurich asserts that it is a New York corporation with a home office in New York, Illinois National is licensed to do business in New York, and the demand letters and responses were sent from the parties’ New York offices (id. at 317-318).
Illinois National, in arguing that Maryland law applies, heavily relies on this Court’s decision in Certain Underwriters at Lloyd’s, London v Foster Wheeler Corp. (36 AD3d 17 [1st Dept 2006], affd 9 NY3d 928 [2007]). Foster Wheeler, however, is not applicable to the facts of this case, as it involved asbestos claims that were spread throughout multiple jurisdictions in the United States (see 36 AD3d at 19). Here, Schiavone was added to the Zurich policy as an additional insured to cover a specific risk, the risk arising from Hayward Baker’s performance of its subcontract for work at a New York site. While, in theory, the Zurich policy provides to Keller, Hayward Baker’s parent company, insurance covering risks in multiple states, it is clear that the parties understood, in adding Schiavone as an additional insured, that the “principal location of the insured risk” was in New York, where the work took place (id. at 21-22). Accordingly, New York law should apply.
The motion court correctly declared that Zurich is required to defend and indemnify Schiavone. Schiavone’s three-month delay in notifying Zurich of the underlying claim is excusable, given that Schiavone needed to investigate the claim in order to determine basic facts, such as where the claim occurred, the nature of the injury, and the insurer responsible for covering the claim (see State of New York v American Natl. Fire Ins. Co., 193 AD2d 996, 998 [3d Dept 1993]).
The motion court properly denied Zurich’s motion for leave to renew, as Zurich failed to proffer a reasonable excuse for not *610 presenting the allegedly new facts on the initial motions (see CPLR 2221 [e]; Sullivan v Harnisch, 100 AD3d 513, 514 [1st Dept 2012]).
We have considered the appealing parties’ remaining arguments for affirmative relief and find them unavailing. Concur— Gonzalez, P.J., Renwick, DeGrasse and Feinman, JJ.